UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CEDRIC BLOUNT,

    Plaintiff,

v.                                  CASE NO. 3:24-cv-939-WGY-SJH

JAX TRANSIT MANAGEMENT CORP,
etc., et al.,

    Defendants.
_____/

## ORDER

On June 6, 2025, Defendant Jax Transit Management Corp ("JTM") filed a Motion to Compel ("Motion"). Doc. 33. Plaintiff failed to timely respond to JTM's Motion, and on June 25, 2025, the Court entered an Order granting in part and taking under advisement in part the Motion. Doc. 34. Specifically, the Court granted the Motion as unopposed to the extent it directed Plaintiff to provide responses to the discovery responses at issue in the Motion, and it took the Motion under advisement to the extent an expense award was requested. *Id.* at 2-3.

With respect to an expense award, the Court in its prior Order explained that "because the Motion is granted, Fed. R. Civ. P. 37(a)(5)(A) applies, and the Court must award JTM the reasonable expenses incurred in making the Motion, absent circumstances warranting application of an exception under the Rule." *Id.* at 2. The Court thus ordered that "[o]n or before **July 18, 2025**, Plaintiff shall show cause in writing why JTM should not be awarded its reasonable expenses, including

attorney's fees, incurred in making the Motion." *Id.* at 2-3. Plaintiff again failed to respond.

In short, Plaintiff failed to provide requested discovery, failed to respond to the Motion, and failed to respond to the Court's Order to show cause why expenses should not be awarded. Therefore, to the extent previously taken under advisement, the Court will grant the Motion as unopposed and order an expense award.

Accordingly, it is **ORDERED**:

1. To the extent previously taken under advisement, the Motion is **granted**.

2. JTM is **granted** its reasonable expenses incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). JTM and Plaintiff are **directed** to attempt in good faith to resolve such award by agreement and to promptly file a notice with the Court if they do so. If not resolved earlier, such efforts must include a meet-and-confer conference between counsel for JTM and Plaintiff, to occur in person, by telephone, or by videoconference, no later than **August 12, 2025**. If JTM and Plaintiff cannot reach an agreement, JTM must file a properly supported motion on its position as to the award to be made for the expenses incurred in bringing the Motion no later than **August 26, 2025**, to which Plaintiff must file a response within 14 days of service.

**DONE AND ORDERED** in Jacksonville, Florida, on July 28, 2025.

                                                              _____
                                                              Samuel J. Horovitz
                                                              United States Magistrate Judge

Copies to:

Counsel of Record